UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILE

| | |
|---|---|
| WILLIAM LORENZO BUTLER ) | |
| ) | |
| v.           ) | NO. 3:02-CV-175 |
| ) | (3:98-CR-145) |
| UNITED STATES OF AMERICA ) | |

**MEMORANDUM OPINION**

William Lorenzo Butler brings this *pro se* motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, alleging various instances of ineffective assistance of counsel.

I.  **STANDARD OF REVIEW**

This Court must vacate and set aside a petitioner's conviction if it finds "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.  To prevail under § 2255, a petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 434, 428 (1962)).

To obtain relief for non-constitutional errors, the record must reflect a fundamental defect in the proceedings which necessarily resulted in a complete miscarriage

of justice or an egregious error violative of due process. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied,* 517 U.S. 1200 (1996). Moreover, where an alleged error could have been asserted on direct appeal but was not, it is considered procedurally defaulted and a petitioner must demonstrate "cause" for his failure to previously raise the issue, and also must demonstrate "actual prejudice" resulting from his failure to present the claim on direct appeal. *United States v. Frady,* 456 U.S. 152, 167-68 (1982). Courts are entitled to presume, once a direct appeal has been decided, a defendant "stands fairly and finally convicted," and thus, absent a showing of "cause and actual prejudice," raising a claim pursuant to § 2255 will not substitute for raising the claim on direct appeal. *Id.*; *accord, Grant*, 72 F.3d at 506.

Under Rule 8 of the Rules Governing Section 2255 Proceedings in the United States District Courts, the court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If the motion to vacate, the answer, and the records of the case show conclusively the petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). The Court FINDS no need for an evidentiary hearing in the instant case.

## II.  FACTUAL BACKGROUND

On October 21, 1998, Mr. Butler was charged in a two-count indictment with possession with the intent to distribute fifty grams or more of cocaine base (crack) and possession with the intent to distribute cocaine hydrochloride, both counts in violation of 21

U.S.C. § 841(a)(1). These charges arose from a traffic stop and subsequent search which uncovered the drugs in a rolled-up sock in the trunk of his car. Mr. Butler's retained counsel, Mike Whelan, moved to suppress the evidence but failed to argue Mr. Butler had not knowingly consented to the search of his car because he was "higher than a kite" at the time. Instead, it was Mr. Whelan's decision not to mention to the Court that, just prior to the traffic stop, Mr. Butler had been driving under the influence of cocaine base (crack) and marijuana intoxication or to advise the Court, and later the jury, his client was a drug addict. Mr. Whelan also declined to pursue the jailhouse rumor that the state trooper who had stopped Mr. Butler for "following too closely" had a reputation for racial profiling. At the suppression hearing, the trooper testified he had inferred the car contained weapons or other contraband from the fact that Mr. Butler was constantly smiling and being overly-agreeable and friendly. The United States Magistrate Judge who heard the suppression motion did not find this conduct to be unusual behavior on Mr. Butler's part and did not find it to constitute probable cause for the search. He did find Mr. Butler had consented to having his car searched and he recommended the motion to suppress be denied. It was denied and Mr. Butler's case proceeded to trial where he was found guilty on both counts. Mr. Butler contends Mr. Whelan failed to bring out the fact at trial, as in the pretrial proceedings, that, at the time he was stopped by the state trooper, he was in a drug-induced delirium. If the jury had understood this, and had known he was a drug addict, it might have found him guilty of the lesser offense of simple possession rather than possession with the intent to distribute. Counsel also failed to vigorously cross-examine the state trooper to show the jury it was his

regular practice to search the vehicles of persons who were too nice to him. In addition, counsel failed to raise or properly argue these same issues on direct appeal.

Mr. Butler's judgment was affirmed on January 16, 2001. Pursuant to Sup. Ct. R.13, Mr. Butler had until April 16, 2001, in which to petition for a writ of certiorari from the United States Supreme Court. He did not do so. However, he filed the instant § 2255 motion on April 8, 2002, within one year after the expiration of the time within which he could have requested the writ. The motion, therefore, is timely. *See Clay v. United States*, 537 U.S. 522 (2003).

### III.  DISCUSSION

A.  **Ineffective assistance of counsel during pre-trial proceedings**

Mr. Butler claims he gave his counsel, after his arrest, the following information concerning his case. He was a cocaine addict and the cocaine found in his car was for personal use. His over-friendly demeanor at the time he was stopped by the state trooper was because he was feeling the euphoric effect of having smoked crack cocaine and a marijuana cigarette. His consent to a search of his car was involuntary because he was under the influence at the time.

In attempting to have the evidence suppressed, Mr. Butler's counsel successfully argued the trooper did not have a reasonable basis for further detention of Mr. Butler after the traffic stop, based only upon his unusual demeanor. He was free to go after the citations were written. However, the Magistrate Judge held the trooper was justified in

asking him if he would consent to a search and also held Mr. Butler had freely consented. *See United States v. Butler*, 134 F. Supp.2d 934 (E.D. Tenn. 1999). The fact that Mr. Butler was under the influence of narcotics at the time of the traffic stop could have given the officer probable cause to conduct a lawful search without a warrant *or* consent. *See United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir. 1993)(where probable cause to search a truck was established by the smell of marijuana during a stop). Mr. Whelan made a tactical decision not to undercut his argument by arguing Mr. Butler had been under the influence of narcotics.

The Court's scrutiny of the reasonableness of a counsel's performance is highly deferential. The Court presumes counsel has rendered adequate legal assistance and has made all decisions in the exercise of reasonable professional judgment and sound strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984); *Skaggs v. Parker*, 235 F.3d 261, 168 (6th Cir. 2000). Attorney Whalen's decision not to portray his client as a drug addict driving on an interstate highway under the influence of both crack and marijuana was an entirely reasonable strategic choice, and in the Court's view, a wise one, and does not give rise to a claim of ineffective assistance of counsel.

Mr. Butler also charges his counsel with failing to procure a state trooper's work records in order to advance a theory that he was stopped as part of a continuing pattern of racial profiling. He claims to have heard a jailhouse rumor about this particular state trooper and advised Mr. Whelan of it. However, even if Mr. Whelan had been able to discover the trooper had stopped a relatively high percentage of black drivers (and there is

absolutely nothing in the record to suggest this was the case), Mr. Butler conceded he had been following too closely and the traffic stop in his case was entirely justified. If probable cause exists to support a traffic violation, a reviewing court may not look at an officer's ordinary routine or his conduct on other occasions to invalidate the stop as pretextual. *See United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993)(*en banc*), *cert. denied*, 513 U.S. 828 (1994); *accord*, *Whren v. United States*, 517 U.S. 806 (1996). It, therefore, was not unreasonable for Mr. Whelan not to pursue a racial profiling argument in this case.

### B. **Ineffective assistance of counsel during trial**

Mr. Butler contends it was bad trial strategy on the part of his attorney not to have more vigorously cross-examined the state trooper about his apparent drug delirium. If the jury had understood he had not been of sound mind and body when he consented to the search of his car, it would have questioned the voluntariness of his consent and might not have found him guilty beyond a reasonable doubt.

This argument makes no sense to the Court. The jury was asked to decide whether or not he possessed the controlled substances with the intent to distribute them. It was not asked to determine the voluntariness of his consent—indeed, it should not have been asked so to do because the Court had already resolved this issue of fact and because a contrary determination could have been made only by the Court (revisiting its decision) or an appellate court, upon a finding of clear error. *See United States v. Ivy*, 165 F.3d 397, 401 (1998). At any rate, the jury heard undisputed evidence of the drugs found rolled up in a sock in a laundry basket in the trunk of his car and it found him guilty as charged.

Mr. Butler also suggests his attorney should have done more to bring to the jury's attention the fact that it was the regular practice of the trooper to search the automobiles of drivers who appeared to be too nice to him. If this had been stressed, the jury would have recognized this hunch-based practice as being in direct conflict with the constitutional requirement that automobile searches be conducted only when there are particular objective factors warranting the intrusion.

Once again, the Court must point out it was the factual issue of possession with the intent to distribute which the jury was required to address. The constitutional questions with regard to the propriety of the search had been resolved prior to trial and were later upheld on appeal. *United States v. Butler,* No. 99-5577, 2001 WL 45278 (6th Cir. Jan. 10, 2001). They were not before the jury. Nevertheless, Mr. Whelan did vigorously cross-examine the trooper about all aspects of the stop and search, apparently hoping he would contradict testimony given in the suppression hearing and permit the Court to re-open the suppression issue [Trial transcript, vol. I, pp. 43- 73].

Finally, Mr. Butler argues his attorney lacked a reasonable trial strategy "that would have been geared towards sifting through the chaff of the elements of the charge" [Memorandum in support of petition, pages 17-18].

The Court has carefully reviewed the transcript of the trial and now finds Mr. Whelan did have a trial strategy, which he pursued with vigor. He tried to re-open the issue of the validity of the search of Mr. Butler's car in the hope of having the evidence suppressed and the case thrown out; he tried to exclude a government's expert witness, who testified

that, based on his experience, the possession of a small amount of drugs is likely to be for personal use only, while possession of drugs over this amount is likely intended for distribution; and he tried to raise a reasonable doubt about the basket of clothes in the trunk of the car – pointing out Mr. Butler's car had only recently been recovered after a theft and Mr. Butler's girlfriend did not recognize either the clothes or the basket. Had the jury accepted Mr. Whalen's suggestion the drugs could have been somebody else's, Mr. Butler could have been found not guilty of both counts; had it believed his argument the drugs were solely for Mr. Butler's personal use and not for sale, he might have been convicted of simple possession—a lesser offense. Though both propositions were ultimately rejected, it was objectively reasonable for Mr. Whalen to offer them to the jury. *See Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir.2001) (no ineffectiveness where counsel's decisions are reasonable, even if mistaken).

### C. **Ineffective assistance on direct appeal**

Mr. Butler argues , because the same attorney who had represented him at trial was appointed to represent him on appeal, issues which had not been properly addressed in pretrial and trial proceedings also were not properly addressed on appeal. Once again, Mr. Whelan held back from the courts the totality of the circumstances surrounding his client's consent to the search of his car by not making it clear Mr. Butler was a drug addict and under the influence of both crack and marijuana at the time of his traffic stop. Again, he would have had his attorney emphasize the involuntariness of his consent because he was not of

sound mind at the time of the search. He also would have had his attorney raise, on appeal, the state trooper's "apparent" pattern of targeting cars driven by black men.

The Court has already found Mr. Whelan's tactical decision not to pursue these issues in pretrial and trial proceedings was reasonable. It was also reasonable not to raise them on appeal. The Supreme Court has established a two-part test for determining when assistance of counsel is ineffective. *Strickland*, 466 U.S. at 686-87. In the first part of the test, the standard against which the attorney's performance is measured is one of reasonableness. The Court has already found all of Mr. Whelan's tactical decisions to have been reasonable in this case. Only if counsel's performance has been found to be deficient does a court need to address the second part of the test – whether the attorney's performance so prejudiced the defendant as to render the outcome of the trial unreliable. *See id.,* at 686-87; *Gravley v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996). The prejudice question need not be addressed in this case.

## IV. CONCLUSION

For the reasons indicated above, Mr. Butler is not entitled to relief under § 2255 and his motion to vacate, set aside or correct his sentence will be **DENIED** and this action will be **DISMISSED**.

An appropriate order will follow.

**ENTER**:

                                                        /s/
                                      CURTIS L. COLLIER
                           UNITED STATES DISTRICT JUDGE